**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

Kevin Reyes,

          Plaintiff,

   v.


SHR Group Inc. and
Ricardo Coronado
         Defendants.

**COMPLAINT**  7:22-cv-7033

PLAINTIFF DEMANDS
TRIAL BY JURY


Plaintiff, Kevin Reyes ("Plaintiff"), by and through their attorneys, Daniel I. Schlade and James M. Dore, complain against SHR Group Inc. ("Defendant" or "SHRGI") and Ricardo Coronado ("Defendant" or "Coronado").  SHRGI and Coronado may collectively be referred to as "Defendants".  In support of this Complaint, Plaintiff states:

## Introduction

1.    This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as violations of the New York Labor Law, Section 190, *et. seq*. ("NYLL")

## Parties

2.    Plaintiff is a resident of Long Island City, NY; and he was employed by SHRGI and Coronado.

3.    SHRGI is a business that is located, headquartered, and conducts business in New York, NY.

4.    Coronado is the owner and Boss Of SHRGI, and they are in charge of its employees.  On information and belief, Coronado is a resident of New York, NY.

5.      Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce. Additionally, they have more than three employees.

## Jurisdiction And Venue

6.      The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in the Southern District of New York because all underlying facts and transactions occurred in or about New York, New York.

## Facts Common To All Claims

8.      SHRGI is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity in the business of construction and demolition .

9.      Coronado is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss" at SHRGI; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

**FIRST CLAIM FOR RELIEF**
**(Failure to Pay Overtime Wages In Violation of the FLSA)**

10.    Plaintiff reincorporates by reference Paragraphs 1 through 9, as if set forth in full herein

for Paragraph 10.

11.    Plaintiff began working at SHRGI in or before February 19, 2022 until on or about August

10, 2022.

12.    At all times, Plaintiff held the same position at SHRGI, they were a construction worker.

Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because

he was employed by Defendants to perform construction work, and they do not fall into any of the

exceptions or exemptions for workers under the FLSA.

13.    Although schedules are subject to change, Plaintiff's general schedule with Defendants

required Plaintiff to work on average 47 hours per week.

14.    Plaintiff was paid their wages on a(n) hourly basis.

15.    Plaintiff's wages were not based on the number of jobs performed or completed, nor was

it based on the quality or efficiency of their performance.

16.    Plaintiff's rate of pay was $27-30 per hour.

17.    Throughout the course of Plaintiff's employment with Defendants, Defendants regularly

scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

18.    Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at

which he was employed during the hours worked in excess of forty (40) hours per week.

19.    On information and belief, Defendants have failed to keep proper time records tracking

Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for

hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

Defendant knew or should have known that Plaintiff was entitled to time-and-a-half wages for hours worked in excess of 40 per week, and thus its conduct was willful.

20.     Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit.  On information and belief, this amount includes: (i) $1,890.00 in unpaid overtime wages; (ii) liquidated damages of $1,890.00; and (iii) Plaintiff's attorney's fees and costs, to be determined.  A calculation of Plaintiff's damages are attached as Exhibit A.

### SECOND CLAIM FOR RELIEF
**(Failure to Pay Overtime Wages In Violation of the NYLL)**

21.     Plaintiff incorporates by reference Paragraphs 1-20, as if set forth in full herein for this Paragraph 21.

22.     This count arises from Defendants' violation of the NYLL, by: failing to pay Plaintiff New York mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of the NYLL.

23.     Defendant's failure to pay Plaintiff the New York-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the NYLL.

24.     Pursuant to the NYLL, Plaintiff is entitled to recover unpaid overtime wages for six (6) years prior to the filing of this suit, which amount totals 1,890.00.

25.     In additional Defendants' violation of the NYLL was willful, and thus Plaintiff is entitled to recover liquidated damages pursuant to the NYLL totaling 1,890.00.

### THIRD CLAIM FOR RELIEF
**(Failure to Issue Accurate Age Notices In Violation of the NYLL)**

26.     Plaintiff incorporates by reference Paragraphs 1-25, as if set forth in full herein for this Paragraph 26.

27.     NYLL §§ 195(1) and (2) require employers to issue accurate wage notices to employees at the time of their hiring or when any changes to the information required to appear on wage notices occurs.

28.     During the six years preceding this Complaint, Plaintiff experienced material changes in their employment, including the rate of pay at which Plaintiff was compensated.

29.     During the preceding six years, Defendants unlawfully failed to issue accurate wage notices to Plaintiff by failing to notify Plaintiff of their accurate rate of pay, including overtime pay.

30.     Due to Defendants' NYLL violations, Plaintiff is entitled to $50 per day for every day accurate wage notices were not provided, up to $5,000 per person, plus interest and attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
### (Failure to Furnish Accurate Wage Statements/Paystubs)

31.     Plaintiff incorporates by reference Paragraphs 1-30, as if set forth in full herein for this Paragraph 31.

32.     NYLL § 195(3) requires employers to furnish employees with accurate wage statements, i.e., pay stubs, that include accurate, inter alia, rate or rates of pay and basis thereof, and hours worked.

33.     During the preceding six years, Defendants unlawfully failed to issue accurate wage statements to Plaintiff, including failing to include overtime pay in any such wage statements.

34.     Due to Emblem's NYLL violations, Plaintiffs and the NYLL Class Members are each entitled to $250 per violation up to $5,000 per person, plus interest and attorneys' fees and costs.

    **WHEREFORE**, Plaintiff Kevin Reyes respectfully requests that the Court enter a judgment in their favor and against Defendants SHRGI and Coronado jointly and severally, for:

A.      An award for Defendant's violations of the NYLL and/or its regulations, totaling at least 1,890.00, plus such pre-judgment and post-judgment interest as may be allowed by law;

B.      An award of liquidated damages for Defendant's willful violations of the NYLL in an amount equal to at least $1,890.00.

C.      An award of $50 for each day that Defendants violated NYLL § 195(1) and/or (2), up to $5,000.00

D.      An award of $250 for each violation of NYLL § 195(3) by Defendants, up to $5,000.00

E.      A declaration that Defendants violated the NYLL;

F.      An award reasonable attorneys' fees and costs; and

G.      Any such additional or alternative relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (Failure to Pay all Wages, including Final Wages)

35.     Plaintiff incorporates by reference Paragraphs 1-34, as if set forth in full herein for this Paragraph 35.

36.     NYLL § 195(3) requires that if employment is terminated, the employer shall pay the wages no later than the regular pay day for the pay period during which the termination occurred.

37.     Defendants unlawfully failed to pay Plaintiff his final wages, totaling at least $800.00.

    **WHEREFORE**, Plaintiff Kevin Reyes respectfully requests that the Court enter a judgment in their favor and against Defendants SHRGI and Coronado jointly and severally, for:

H.      An award for Defendant's violations of the NYLL and/or its regulations, totaling at least

$800.00, plus such pre-judgment and post-judgment interest as may be allowed by law;

I.      An award of liquidated damages for Defendant's willful violations of the NYLL in an

amount equal to at least $800.00.

J.      A declaration that Defendants violated the NYLL;

K.      An award reasonable attorneys' fees and costs; and

L.      Any such additional or alternative relief as this Court deems just and proper.


                                                Kevin Reyes


                                                s/Daniel   I.   Schlade
                                                Attorney For Plaintiff

Daniel I. Schlade (ARDC No. 6273008)
James M. Dore (ARDC No. 6296265)
Attorney For Plaintiff
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-550-3775
Email: dschlade@justicialaboral.com
        danschlade@gmail.com

**PLAINTIFF DEMANDS TRIAL BY JURY**

# EXHIBIT A

| Week | Av. Hours/Wk. | Hours Over 40 | Hrly. Wage | Unpaid OT | FLSA Liquidated | NY Liquidated |
|---|---|---|---|---|---|---|
| 2/13/2022 | 47 | 7 | $27.00 | $94.50 | $94.50 | $94.50 |
| 2/20/2022 | 47 | 7 | $27.00 | $94.50 | $94.50 | $94.50 |
| 2/27/2022 | 47 | 7 | $27.00 | $94.50 | $94.50 | $94.50 |
| 3/6/2022 | 47 | 7 | $27.00 | $94.50 | $94.50 | $94.50 |
| 3/13/2022 | 47 | 7 | $27.00 | $94.50 | $94.50 | $94.50 |
| 3/20/2022 | 47 | 7 | $27.00 | $94.50 | $94.50 | $94.50 |
| 3/27/2022 | 47 | 7 | $27.00 | $94.50 | $94.50 | $94.50 |
| 4/3/2022 | 47 | 7 | $27.00 | $94.50 | $94.50 | $94.50 |
| 4/10/2022 | 47 | 7 | $27.00 | $94.50 | $94.50 | $94.50 |
| 4/17/2022 | 47 | 7 | $27.00 | $94.50 | $94.50 | $94.50 |
| 4/24/2022 | 47 | 7 | $27.00 | $94.50 | $94.50 | $94.50 |
| 5/1/2022 | 47 | 7 | $27.00 | $94.50 | $94.50 | $94.50 |
| 5/8/2022 | 47 | 7 | $27.00 | $94.50 | $94.50 | $94.50 |
| 5/15/2022 | 47 | 7 | $27.00 | $94.50 | $94.50 | $94.50 |
| 5/22/2022 | 47 | 7 | $27.00 | $94.50 | $94.50 | $94.50 |
| 5/29/2022 | 47 | 7 | $27.00 | $94.50 | $94.50 | $94.50 |
| 6/5/2022 | 47 | 7 | $27.00 | $94.50 | $94.50 | $94.50 |
| 6/12/2022 | 47 | 7 | $27.00 | $94.50 | $94.50 | $94.50 |
| 6/19/2022 | 47 | 7 | $27.00 | $94.50 | $94.50 | $94.50 |
| 6/26/2022 | 47 | 7 | $27.00 | $94.50 | $94.50 | $94.50 |
|  |  |  |  | $1,890.00 | $1,890.00 | $1,890.00 |